**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STEVEN G. KOENIG,

Plaintiff,

v.

GEORGE J. SALIBA and
J&S AUTOHAUS GROUP,

Defendants.

Case No. 2:26-cv-02112

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW, Defendants George J. Saliba and J&S Autohaus Group, by and through their undersigned counsel, and hereby submit their Answer to Plaintiff's First Amended Complaint. Defendants deny each and every allegation of the First Amended Complaint not expressly admitted herein.

**INTRODUCTION**

1. Defendants deny the allegations contained within Paragraph 1 of Plaintiff's First Amended Complaint.

2. The allegations contained within Paragraph 2 of Plaintiff's First Amended Complaint are not directed at these answering Defendants, therefore no response from these Defendants is required. To the extent an answer to Paragraph 2 is required, Defendants deny the entirety of the allegations contained within Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendants deny the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendants admit that the parties ultimately agreed to the sale of six of Plaintiff's Ferraris. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint. By way of further answer, the parties actively negotiated and executed six individual Purchase Agreements establishing a total agreed-upon purchase price of $1,230,000.

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint. Defendant J&S paid the agreed-upon purchase price of $1,230,000 in full. Plaintiff subsequently and improperly withheld the vehicles to demand an additional $20,000 not reflected in the executed contracts.

7. Defendants admit that the parties spoke on or about December 30, 2025, and that J&S subsequently transferred an additional $20,000 to Plaintiff on January 9, 2026, purely to facilitate the release of the vehicles that were being wrongfully withheld by Plaintiff. Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendants admit that a video was posted to YouTube, which included audio of Plaintiff's voice, his first name, and his town. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendants admit that Plaintiff demanded the video be removed. Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

**PARTIES**

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's executive roles, academic positions, and community standing. Defendants admit Plaintiff is domiciled in Kansas.

11. Defendants admit that Defendant George J. Saliba is domiciled in New Jersey, is the general manager of J&S AutoHaus Group and creates content on social media. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants admit that Defendant J&S AutoHaus Group is a partnership, owned by , and its principal place of business is located at 1721 N Olden Avenue, Ewing, New Jersey 08638. Defendants further admit that Defendant J&S AutoHaus Group is not incorporated or otherwise organized in Kansas, has no place of business in Kansas, and none of its owners/partners/members are domiciled in Kansas. Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

**JURISDICTION AND VENUE**

13. The allegations contained within Paragraph 13 of Plaintiff's First Amended Complaint assert legal conclusions, which do not require a response from these answering Defendants. To the extent an answer to Paragraph 13 is required, Defendants deny the entirety of allegations contained within Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants admit the allegations contained within Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants admit the allegations contained within Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendants admit the allegations contained within Paragraph 16 of Plaintiff's First Amended Complaint.

17. The allegations contained within Paragraph 17 of Plaintiff's First Amended Complaint assert legal conclusions, which do not require a response from these answering Defendants. To the extent an answer to Paragraph 17 is required, Defendants deny the entirety of allegations contained within Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19. The allegations contained within Paragraph 19 of Plaintiff's First Amended Complaint assert legal conclusions, which do not require a response from these answering Defendants. To the extent an answer to Paragraph 19 is required, Defendants deny the entirety of allegations contained within Paragraph 19 of Plaintiff's First Amended Complaint.

20. The allegations contained within Paragraph 20 of Plaintiff's First Amended Complaint assert legal conclusions, which do not require a response from these answering Defendants. To the extent an answer to Paragraph 20 is required, Defendants deny the entirety of allegations contained within Paragraph 20 of Plaintiff's First Amended Complaint.

21. The allegations contained within Paragraph 21 of Plaintiff's First Amended Complaint assert legal conclusions, which do not require a response from these answering Defendants. To the extent an answer to Paragraph 21 is required, Defendants deny the entirety of allegations contained within Paragraph 21 of Plaintiff's First Amended Complaint.

## ALLEGED FACTS

22. Defendants admit the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants admit that the Vivolos, Plaintiff, and Defendants engaged in preliminary negotiations for the potential sale of Plaintiff's vehicles during the month of December, 2025. Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants admit that Defendant J&S AutoHaus Group's employee visited Plaintiff's home to inspect the vehicles, and that the seventh Ferrari was not purchased because that seventh Ferrari was not fit for purchase/in poor condition. Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint. By way of further answer, Plaintiff explicitly suggested, authorized, and consented to the J&S employee physically transporting the provenance books to prevent the provenance books from being lost or stolen during standard vehicle transport.

29. Defendants admit that payments were made to Plaintiff in furtherance of the purchase of six of Plaintiff's Ferraris. Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint, specifically denying that the payments were $20,000 less than the contracted purchase price.

30. Defendants admit that Plaintiff and Defendant George J. Saliba spoke on or about December 30, 2025. Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendants admit that the December 30 phone call was recorded. Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendants admit that Plaintiff released the six Ferraris to Defendant J&S on or about January 9, 2026. Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendants admit that a video was posted on social media regarding the dispute and interactions between the Parties. Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendants admit that Defendant George J. Saliba called the Plaintiff "crazy." Defendants deny the remaining allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendants admit that audio of Plaintiff's voice was featured in the video. Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants admit the video refers to Plaintiff as "Steve," mentions his town, and includes the word "dealer." Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff became aware of any video posted online by Defendants. Defendants admit videos posted online by Defendants amass views on YouTube.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint and therefore deny the same.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint and therefore deny the same.

48. Defendants admit the allegations in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendants admit that videos posted by Defendants still circulate various social media platforms. Defendants deny the remaining allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint and therefore deny the same.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendants admit the allegations in Paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint and therefore deny the same.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint and therefore deny the same.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint and therefore deny the same.

**COUNT I**
**ALLEGED DEFAMATION**

58. Defendants incorporate by reference their responses to Paragraphs 1 through 57 of Plaintiff's First Amended Complaint as if fully set forth herein.

59. Defendants deny the allegations in Paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's First Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiff's First Amended Complaint.

62. Defendants deny the allegations in Paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendants deny the allegations in Paragraph 63 of Plaintiff's First Amended Complaint.

**COUNT II**
**ALLEGED INVASION OF PRIVACY BY APPROPRIATION OF NAME OR LIKENESS**

64. Defendants incorporate by reference their responses to Paragraphs 1 through 63 of Plaintiff's First Amended Complaint as if fully set forth herein.

65. Defendants deny the allegations in Paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendants deny the allegations in Paragraph 66 of Plaintiff's First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

68. Defendants deny the allegations in Paragraph 68 of Plaintiff's First Amended Complaint.

**COUNT III**
**ALLEGED FALSE LIGHT INVASION OF PRIVACY**

69. Defendants incorporate by reference their responses to Paragraphs 1 through 68 of Plaintiff's First Amended Complaint as if fully set forth herein.

70. Defendants deny the allegations in Paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's First Amended Complaint.

72. Defendants deny the allegations in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendants deny the allegations in Paragraph 73 of Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in his Prayer for Relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims for Defamation (Count I) and False Light (Count III) are barred, in whole or in part, because the statements made by Defendants were substantially true. Plaintiff executed written purchase agreements establishing a purchase price of $1,230,000, and Plaintiff's subsequent demand for additional funds contradicted the executed agreements.

3. Plaintiff's claims regarding the alleged theft of the provenance documents are barred because Plaintiff explicitly suggested, authorized, and consented to the J&S employee taking possession of and transporting the documents.

4. Plaintiff's claims sounding in invasion of privacy related to the audio recording of the December 30, 2025 phone call are barred because both Kansas and New Jersey are one-party consent states, making the recording entirely lawful.

5. Plaintiff's claims are contradicted and barred by documentary evidence, specifically the six executed Purchase Agreements signed by Plaintiff, which objectively establish the total purchase price of the vehicles.

6. Plaintiff has suffered no cognizable injury or damages as a result of any act or omission by Defendants. To the extent Plaintiff claims financial damages related to third-party actions (e.g., vehicle allocations from Ferrari corporate), such damages are wholly speculative, unquantifiable, and lack a causal nexus to Defendants' actions.

7. This Court lacks personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 12(b)(2). Neither Defendant is domiciled in Kansas, neither Defendant maintains an office, employees, or property in Kansas, and Defendants' limited contacts with the forum, arising from a single, completed commercial transaction initiated by Plaintiff, are insufficient to support the exercise of either general or specific personal jurisdiction consistent with the Due Process Clause of the Fourteenth Amendment. Defendants do not waive, and expressly preserve, all objections to personal jurisdiction.

8. Plaintiff's claims for Defamation (Count I) and False Light (Count III) are barred, in whole or in part, by the First Amendment to the United States Constitution and applicable state constitutional protections. The challenged statements, including the use of terms such as "scammer" and "crazy" and the Video's title, constitute protected expressions of opinion, rhetorical hyperbole, or loose, figurative language that no reasonable viewer would interpret as asserting objective, verifiable facts.

9. Plaintiff's claim for Invasion of Privacy by Appropriation of Name or Likeness (Count II) is barred because Defendants' use of Plaintiff's voice and first name was incidental to commentary on a matter of legitimate public interest, namely, a consumer dispute arising from a

commercial transaction, and does not constitute commercial exploitation of Plaintiff's identity for an independent advertising purpose as required to sustain an appropriation claim.

10. Plaintiff's alleged damages are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his damages.

11. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. Plaintiff improperly withheld six Ferrari vehicles, for which Defendants had already paid the full contracted purchase price of $1,230,000, to demand an additional $20,000 payment not reflected in the executed Purchase Agreements.

12. Defendants reserve the right to amend this Answer to assert counterclaims, crossclaims, or third-party claims as the facts and circumstances may warrant upon the completion of discovery.

13. Defendants reserve the right to assert additional affirmative defenses as they may become known through the course of discovery.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismiss Plaintiff's First Amended Complaint with prejudice, award Defendants their costs and reasonable attorneys' fees, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Braden M. Perry

Braden M. Perry, KS. Bar # 21022
Seth C. McCauley, KS. Bar #30780
Kennyhertz Perry, LLC
2000 Shawnee Mission Parkway, Ste. 210
Mission Woods, KS 66205
Phone: 816-527-9447 / Fax: 855-844-2914
braden@kennyhertzperry.com
seth.mccauley@kennyhertzperry.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice of service to all counsel of record.

*/s/ Braden M. Perry*
Braden M. Perry